# IN THE COURT OF APPEALS OF IOWA

No. 23-0407
Filed May 8, 2024

**CURTIS CORTEZ JONES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Johnson County, Paul D. Miller, Judge.

Curtis Jones appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Greer, P.J., and Ahlers and Buller, JJ.

**AHLERS, Judge.**

Following a trial in 2018, a jury found Curtis Jones guilty of first-degree murder for the shooting death of a taxi-cab driver. This court affirmed his conviction in 2020. *See generally State v. Jones*, No. 19-0047, 2020 WL 6480864 (Iowa Ct. App. Nov. 4, 2020). Jones later applied for postconviction relief (PCR) claiming he received ineffective assistance from his trial and appellate counsel. The PCR court denied his application by way of summary disposition. Jones appeals.

Because ineffective-assistance-of-counsel claims raise a constitutional issue, our review is de novo. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). When completing our review of summary disposition of PCR actions, we apply our summary judgment standards. *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). "We view the record in the light most favorable to the nonmoving party" and "draw all legitimate inferences from the record in favor of the nonmoving party." *Id.* Summary dismissal is only proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

A PCR applicant alleging ineffective assistance of counsel must prove by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) the applicant was prejudiced, which is established by showing a reasonable probability that, but for counsel's failure to perform an essential duty, the result of the proceeding would have been different. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). Both prongs must be established. *Id.* Accordingly, we need not address the remaining prong if the applicant failed to prove the other. *Id.*

Jones's ineffective-assistance-of-counsel claim concentrates on a potential juror at his criminal trial. The potential juror had been convicted of a felony in 1974 when he was a teenager. The State moved to strike the potential juror for cause. Defense counsel resisted, arguing the felony conviction alone did not make the potential juror ineligible because he could have been tried as a juvenile and his rights could have been restored. The court initially denied the motion to strike for cause.

On further questioning, the potential juror explained that he had not gone through any process to restore his citizenship rights, although he had recently received a voter registration card. The State once again moved to strike the potential juror for cause, this time citing Iowa Rule of Criminal Procedure 2.18(5)(a). Once again, defense counsel resisted. The court reserved ruling on the motion and gave the parties time to further develop their arguments. Later, defense counsel presented additional argument to the court. Ultimately, the court granted the motion to strike the potential juror for cause based on rule 2.18(5)(a).

Jones now argues that counsel was ineffective when arguing against the motion to strike for cause and appellate counsel was ineffective for failing to raise the issue on direct appeal.

Before we consider the substance of Jones's claim, we must address error preservation. Below, Jones argued trial counsel should have argued that a 2005 executive order restored the prospective juror's "right to be on a jury" and "appellate counsel was ineffective for failing to raise the issue regarding the challenge for cause to [the] prospective juror." Now on appeal, Jones's argument

has changed. He argues trial counsel should have argued a 2020 executive order restored the prospective juror's right to sit on a jury and appellate counsel should have challenged the district court's ruling on the motion to strike for cause on appeal.

With respect to Jones's current argument regarding the 2020 executive order, this argument is not preserved for our review.[1]  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). To the extent Jones intends to also argue that the 2005 executive order restored the prospective juror's right to sit on a jury, negating rule 2.18(5)(a), there is no merit to his argument due to the language of the applicable rule. The version of rule 2.18(5)(a) governing challenges for cause that was in effect at the time of Jones's trial[2] states, "A challenge for cause may be made by the state or defendant, and must distinctly specify the facts constituting the causes thereof. It may be made for any of the following causes: [a] previous conviction of a juror of a felony." Under this rule, "[i]t's true that *if* a party challenges a prospective juror on the panel having a prior felony, the court must grant the challenge." *Veal*, 972 N.W.2d at 735. So under rule 2.18(5)(a), as effective at the time of Jones's trial, if a party moved to strike for cause a potential juror with a

---

[1] Even if Jones had preserved error on this claim, there is no merit to it. As the 2020 executive order was issued years after Jones's trial, it would have been impossible for trial counsel to cite to it.

[2] Iowa Rule of Criminal Procedure 2.18(5)(a) has been substantively amended since Jones's trial. This updated version of the rule does not apply retroactively. *See State v. Veal*, 972 N.W.2d. 728, 731 (Iowa 2022) (noting an updated version of the rule does not apply to a proceeding that occurred prior to the amended rule's enactment date).

felony conviction, then the court was required to grant the motion to strike for cause.

There is nothing else counsel could have done at trial that would have impacted the court's ruling. The rule was clear and unambiguous. Because the State moved to strike the prospective juror and the prospective juror had a felony conviction, the court was required to grant the motion. *See id.* Likewise, there was no viable argument or claim for appellate counsel to make on the issue. Accordingly, trial and appellate counsel were not ineffective in their performances. *See Krogmann v. State*, 914 N.W.2d 293, 306 (Iowa 2018) (recognizing counsel does not have a duty to raise a meritless issue).

Because there is no question of material fact here, the State was entitled to judgment as a matter of law. *See Moon*, 911 N.W.2d at 142. We affirm the PCR court's summary disposition of Jones's PCR application.

**AFFIRMED.**